## Case No. 9,832.

MORRIS v. HURST.

[1 Wash. C. C. 433.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

ASSUMPSIT—ACCOUNT—DEBIT AND CREDIT ENTRIES —FOR WHOM EVIDENCE.

1. In an action of assumpsit, if one party relies upon an account delivered by the other party, without other proof to establish his demand; the party producing the account may discharge himself, by relying on the items of credit, on the other side of the account.

2. If the credit side of an account is taken to charge the person who delivered it, the items on the debit side must also be admitted as proved by the account.

This cause came on under a rule for a new trial, on the ground of surprise, and misdirection. The plaintiff, having delivered in an account before bringing the action, in which many years transactions between the parties were included, to a considerable amount; the plaintiff only proved one item, of a modern date, to the amount of about £230, being rents received by the defendant, which belonged to the plaintiff. The defendant attempted to meet this demand, by selecting out of the account, a credit to a larger amount, but without attempting to prove it; relying on it, as an admission by the plaintiff. The court informed the counsel, at the trial, that if he relied upon the credit side of that account, as evidence against the plaintiff, he must admit the debit side, unless he could falsify it by evidence. Upon this, the counsel let the jury go out, who found the £230, with interest, which had been established.

M. Levy, now contended, that after receiving the account, he expected the plaintiff would be obliged to go through the whole; and that he could not pick out one item, and

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

upon proving it, recover to that amount; that therefore he was surprised at the trial. (2) That though a defendant may, by his answer, charge himself, his answer is not always sufficient to discharge him; and therefore, the account rendered, was good evidence against; but not for the plaintiff. Gilb. Ev. 152; 2 Vern. 194.

BY THE COURT. If a man is called upon to render an account for the purpose of enabling the plaintiff to establish a demand aginst the defendant, if he is obliged to rely upon this statement to charge him; the defendant is entitled to be discharged by it. If he is called upon to state, whether a particular sum is not due, and the defendant states, that it was to be paid on a condition not performed, you must take the acknowledgment altogether. An account is composed of items, and they are placed on the debit and credit side. If the defendant produces the account, you can no more take the items on the credit side to charge him, and reject the debits; than, in the case first supposed, you can take the acknowledgment of what was agreed to be paid, and reject what he states, with respect to the condition. The verdict therefore was right. Rule discharged.